Blankenship v. Cutrell.

ISHAM BLANKENSHIP, Plaintiff in Error, v. JOSEPH CUTRELL, Defendant in Error.

ERROR TO WILLIAMSON.

No contract, promise, or assumpsit, or undertaking to pay for improvements upon the public lands, made after the purchase, can be implied in law, but the party claiming must show an express agreement to pay.

THIS cause was heard before PARRISH, Judge, at April term, 1854, of Williamson Circuit Court.

A. P. CORDER, C. G. SIMONS, and J. JACK, for Plaintiff in Error.

J. ALLEN and J. A. LOGAN, for Defendant in Error.

SCATES, J. The defendant Cutrell declared in assumpsit, upon a special contract to pay him the worth of an improvement made upon the public land. On trial of the general issue, it appeared in evidence that after Blankenship had purchased the land of the government upon which Cutrell had made the improvement, they met casually in the road, when Cutrell asked him what he had concluded to do about that land, to which he replied, I have concluded to let you have twenty acres and John twenty acres, (meaning Cutrell's son.) To this Cutrell rejoined, I will not do that; for, take it either way, it will split up my field so that I will lose part of my labor. To this Blankenship again replied, I do not want your labor for nothing, I will do what is right about it. Thereupon Cutrell invited Blankenship to come over to his house and stay all night, which Blankenship agreed to do.

This was all the evidence, substantially, in relation to the contract. As we deem it insufficient to support the declaration, I shall not notice that relative to the value of the improvement.

A promise made after the land was purchased from the United States, to pay for improvements made before the purchase, was held to be without consideration by this court, in Carson v. Clark, 1 Scam. 113 ; Hutson v. Overbury, ibid. 170. See also, Blair v. Worley, ibid. 178 ; Roberts v. Green, ibid. 396 ; Townsend v. Briggs, ibid. 472.

Doubts seemed to exist as to the validity of such a promise, made before entry or purchase from the United States.

The act of 1831 was made to remove all doubt, by declaring such promises valid; and so the law stood until 1839, when another declared that "contracts, promises, assumpsits, or

undertakings, made subsequent, as well as those made previous to the purchase of said lands from the government of the United States," should be valid and binding.    Rev. Stat., 1845, p. 336, Sec. 1; p. 617, Secs. 1 and 2.

Under the former act, this court held, in *Johnson* v. *Moulton*, 1 Scam. 534, that an express promise to pay for an improvement upon the public land, was binding upon the promissor, although no price was fixed by him, but that the value might be shown by evidence.

This principle has been recognized and enforced since the act of 1839 extended the promise to cases after purchase of the government, in *Taylor* v. *Davis*, 11 Ill. 11.    This last case has gone as far as it is possible for the court to go in sustaining this class of promises.

We shall not extend this principle further to aid cases of this character, as no greater liberality of presumption can possibly be indulged.

Tested by these principles, the defendant has not brought himself within the rules laid down by them.    The consideration does not amount to a valuable one in law, and at most can only be classed with those which might raise a moral obligation. Therefore no " contract, promise, assumpsit, or undertaking," can be implied in law, but the party must show an express agreement to pay.    Now, while the amount or value of the improvement might be added by evidence to an express promise to pay the value, we cannot go further, by allowing a promise or offer to sell the land itself, to be construed and converted into a promise to pay for the improvements in money.    Nor can we presume an acceptance of such an offer, against the express refusal of the party.

The substance and manner of Cutrell's question to Blankenship, clearly conveys the impression that the parties had had previous conversation about a sale of all or part of the land itself, and this is so understood by Blankenship, as shown by his answer, that he had concluded to let Cutrell and his son have, each, twenty acres of the land.    This offer is promptly and fully rejected, and no ground is left for a presumption of acceptance to rest upon.    This, then, does not constitute the contract, promise or undertaking.    The remainder is no better. Blankenship says : " I do not want your labor for nothing, 1 will do what is right," and this was accepted.    What is " right," as contained within the terms of this promise ?    Cutrell had rejected the offer of twenty acres, saying, " take it either way it will split up my field, so that I will lose part of my labor." Take the lines of twenty acres " either way," and they cannot be made to cover my improvements, seems to be the ground of

the objection. In this light, or in case you let me have the forty, instead of my son twenty, still the whole improvement is not included. In what sense can this objection be understood? It seems to me to matter but little, so far as the subsequent promise has application. "I will do what is right" in reference to the ground of your objection to my offer, which you reject as made. If twenty acres cannot be made to cover your improvement, instead of letting your son have twenty, I will let you have forty, may be better understood than a promise to pay in cash, the valuation of the improvements. Again, if forty acres, in two twenties, or forty together, will not meet the object, it may be better understood as a promise to enlarge the quantity sufficiently to include the improvement, and so secure to him his labor.

We are not able to give to this promise a definiteness and point to pay the value in cash, without adding to its terms, our own conclusions of what we think ought to have been done; and which might be as various as the number called upon to decide, without, in effect, making a contract for the party.

We all know, and readily recognize, the difference between paying money and other property. The distinction is more marked, between an offer to sell property, and a promise to pay money.

We think the proof shows an offer to sell part of the land to Cutrell, with a view of allowing him to secure his labor by purchase of the land upon which he had made the improvements, and is not a promise to pay for the improvement itself.

Taking this view of the testimony, we think the verdict clearly against the evidence, and a new trial should have been granted.

Judgment reversed and cause remanded.

*Judgment reversed.*